JOHN CULLEN & others vs. BUILDING INSPECTOR OF NORTH
ATTLEBOROUGH & another
(and a companion case[1]).

Bristol.   December 7, 1967. — February 16, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Zoning*, Nonconforming use or structure; Enforcement of zoning; Dairy
farm; Board of appeals: decision. *Mandamus. Estoppel.*

Mandamus was a proper remedy to pursue to challenge the validity of
expanded uses to which certain nonconforming premises in a town
had been put after it adopted a zoning by-law, and the validity of the
issuance of building permits respecting the premises thereafter, and
denial of the writ merely because the owner of the premises had acted
in good faith and town officers were aware of his activities would not
have been proper. [674–675]
Under a zoning by-law permitting the continuance of a preëxisting non-
conforming building or use of a building or premises and stating that
such building or use "may on approval of the Board of Appeal be ex-
tended throughout . . . [the] premises," renovations after the adop-
tion of the by-law to a preëxisting nonconforming building did not re-
quire the approval of the board. [675]
With respect to premises in a town on which there were sixty to seventy
milking cows before it adopted a zoning by-law and on which and on
much additional land after the adoption of the by-law there were
more than ten times that number of cows and new buildings and a
new system of milk production resulting in the operation of a modern
and technically advanced dairy farm, there was a difference in quality
amounting to a change of use, so that G. L. c. 40A, § 5, did not pre-
clude application to the new operation of a provision of the by-law
allowing a nonconforming use to be "extended throughout . . . [the]
premises" only "on approval of" the zoning board of appeal. [676]
The proviso added by St. 1962, c. 340, to G. L. c. 40A, § 5, that no zon-
ing by-law shall "prohibit the . . . expansion . . . of non-conform-
ing buildings, . . . or the expansion of land, used primarily for agri-
culture," did not preclude adoption by a town of a zoning by-law in
effect allowing preëxisting nonconforming agricultural uses to be "ex-
tended throughout . . . [the] premises" only "on approval of" the
zoning board of appeal. [676]

[1] The companion case is Cumberland Cattle Company v. Zoning Board of
Appeal of North Attleborough.

Cullen *v.* Building Inspector of North Attleborough.

A new barn constructed on preëxisting nonconforming agricultural premises in a town after the adoption of a zoning by-law by the town was not exempted from the application of the by-law by G. L. c. 40A, § 5, as appearing in St. 1954, c. 368, § 2. [677] ·

The second proviso added to G. L. c. 40A, § 5, by St. 1962, c. 340, does not apply to a new building constructed in a town for agricultural purposes after the adoption of the town's zoning by-law. [678]

Where a judge of the Superior Court denied as a matter of discretion a petition for a writ of mandamus commanding the respondent building inspector of a town to order an intervener to remove certain buildings constructed on, and to desist from certain uses made of, premises without prior approval of the zoning board of appeal as required by the town's zoning by-law, and this court determined that the petitioners were entitled to the writ, the judgment denying it was reversed, but issuance of the writ was ordered stayed for a certain time in order to allow the intervener an opportunity to seek the board's approval; if approval was granted within such time judgment denying the writ was to be entered, otherwise judgment for issuance of the writ was to be entered. [678–679]

The requirement of G. L. c. 40A, § 18, as amended by St. 1962, c. 387, that a decision of a zoning board of appeal "shall be made within ninety days after the date of the filing of an appeal" to it is directory and not mandatory, and failure of a board to make a decision until after the expiration of such period did not invalidate the decision. [679–680]

G. L. c. 40A, § 5, as amended by St. 1962, c. 340, did not apply to an extension of a dairy barn which had been originally constructed in a town after the adoption of the town's zoning by-law. [680]

PETITION for a writ of mandamus filed in the Superior Court on August 16, 1965.

BILL IN EQUITY filed in the same court on December 30, 1965.

The cases were referred to an auditor-master and heard on his report by *Smith,* J.

*Allan van Gestel* for Cumberland Cattle Company.

*Max Volterra* for John Cullen & others.

*Jarvis Hunt,* Town Counsel, for the Building Inspector of North Attleborough & another.

SPALDING, J. These two cases were heard together. One is a petition for a writ of mandamus to compel the respondent building inspector to enforce the zoning by-law of North Attleborough. The other is a bill in equity brought by Cumberland Cattle Company (Cumberland) under G. L. c. 40A, § 21, appealing from the decision of the zoning board

of appeal (board) of the town which held that a permit is-
sued by the building inspector to Cumberland for the con-
struction of an extension to a dairy barn without prior ap-
proval of the board was invalid. Cumberland was allowed
to intervene as a party respondent in the mandamus case.
The cases were referred to an auditor-master (hereinafter
called auditor) who filed one report covering the issues in
both cases.[2] The cases were then considered by the judge
on the basis of the auditor's report. He denied the petition
for mandamus as matter of discretion and entered a decree
in the equity case sustaining the decision of the board. From
the judgment in the mandamus case the petitioners appealed.
G. L. c. 213, § 1D. From the decree in the equity case,
Cumberland appealed.

I.

THE MANDAMUS CASE.

The petition for mandamus alleged that all new con-
struction, extensions and renovations made on the Cumber-
land premises since July, 1963, violate § VI of the town's
zoning by-law. The petition also singles out as violations
of the zoning by-law three building permits numbered, re-
spectively, 355 (granted on January 1, 1964, and received on
November 6, 1964, for renovations to an existing structure),
360 or 362 (issued November 13, 1964, for the construction
of a new cow barn), and 389 (issued December 12 or 24,
1964, for an addition to the new cow barn). The prayers for
relief requested that a writ of mandamus issue directing the
building inspector to order the removal of all buildings con-
structed in violation of the zoning law, and to order Cumber-
land to return to the scale of operations existing prior to
the time the by-law took effect, and such other relief as the
court "deems just and necessary."

On July 26, 1963, the effective date of the zoning by-law,
Cumberland's premises were a nonconforming use and, as

---

[2] It was provided that all findings of fact would be final.

such, were subject to § VI of the by-law which reads: "Continuation of Non-Conforming Uses: Any lawful building or use of a building or premises or part thereof existing at the time this by-law or any amendment thereto is adopted may be continued although such building or use does not conform to the provisions thereof and such building and use may on approval of the Board of Appeal be extended throughout such premises."

The petitioners argue that, under § VI, Cumberland was required to seek approval from the board (a) to renovate existing buildings; (b) for any substantial expansion of its nonconforming use; and (c) to construct a new nonconforming building.[3] The auditor found that the board never granted special permits for any of the construction in question, and that no such permits were ever requested by Cumberland.

Cumberland argues that mandamus is not an appropriate remedy. To this end it asserts that all the petitioners seek are a review and determination of the validity of the decisions of the building inspector in granting the three permits which are challenged. This, it is urged, should have been done under G. L. c. 40A, § 13. We are of opinion that mandamus is an appropriate means for the petitioners to call in question, as here, the expanded uses and the issuance of building permits. See the extended discussion of the role of mandamus in zoning cases set forth in *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 518–522. See also *Crawford* v. *Building Inspector of Barnstable*, 352 Mass. 504.

Cumberland also urges that the denial of the writ of mandamus was proper because it acted in good faith and the individual members of the board and the town counsel were aware of Cumberland's activities.[4] This argument cannot

[3] The petition for mandamus was filed on August 16, 1965, following a written demand for enforcement on August 4, 1965, to the building inspector, which was refused.

[4] The farm is located in a "Rural Conservation District," as defined by § IIA of the by-law, which also authorizes special permits by the board for dairy uses. § II (8) (c).

prevail. The right of the public to have the zoning by-law properly enforced cannot be forfeited by the action of its officers. See *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 163; *New City Hotel Co.* v. *Alcoholic Beverages Control Commn.* 347 Mass. 539, 542. See also *Lincoln* v. *Giles,* 317 Mass. 185, 187.

### (1) *Renovation of Existing Building.*

On November 6, 1964, Cumberland received permit No. 355 which authorized certain renovations to an existing barn. As noted, § VI of the zoning by-law provides that a nonconforming building or use "may on approval of the Board of Appeal be extended throughout . . . [the] premises." We are of opinion that the renovations to the existing barn do not constitute such an extension of the nonconforming building as to fall within the scope of § VI. With respect to the renovations, therefore, Cumberland was not required to seek approval from the board.

### (2) *Expansion of Cumberland's Activities.*

Cumberland's expansion subsequent to the enactment of the zoning by-law was substantial. Prior to 1963 there were sixty to seventy milking cows on the premises. At the time of the hearing before the auditor the dairy herd had increased to approximately 750 to 800 head. Cumberland has leased additional land and now uses twice as much as it did prior to 1963. The operation is now that of a modern and technically advanced dairy farm. There is a large and varied assortment of farm equipment, including trucks, tractors, hay wagons and harvesters. Approximately 800 acres of corn and 200 acres of wheat and grass are planted. Subsequent to the enactment of the zoning by-law one barn was torn down and a new barn measuring 550 feet by 80 feet has been constructed. And four grain silos and a machinery house were constructed after the petition for mandamus was brought.

The sizable expansion of the nonconforming use was clearly subject to § VI of the zoning by-law which allows a nonforming use to be "extended throughout . . . [the] premises" only upon approval of the board. Cumberland argues that this section of the zoning by-law is inapplicable by reason of G. L. c. 40A, § 5. We are of opinion that Cumberland's expansion is so great as to constitute a change of use for purposes of § 5. Although mere. increase in the amount of business done is not in itself proof of change in use, *Cochran* v. *Roemer,* 287 Mass. 500, *Building Commr. of Medford* v. *McGrath,* 312 Mass. 461, the extensive activities initiated by Cumberland compel the conclusion that there was a change. The dairy herd has increased tenfold, the land used. has more than doubled and new buildings have been erected. Moreover, after the enactment of the zoning by-law Cumberland installed a new system of milk production. For purposes of the zoning laws the aggregate of all of these operations amounts to a difference in quality rather than in degree alone. *Marblehead* v. *Rosenthal,* 316 Mass. 124. *Bowes* v. *Inspector of Bldgs. of Brockton,* 347 Mass. 295. *Bridgewater* v. *Chuckran,* 351 Mass. 20, 23.

Cumberland argues that § VI of the by-law conflicts with the second proviso of G. L. c. 40A, § 5, added by St. 1962, c. 340. That proviso reads as follows: "and provided, further, that no such . . . by-law shall *prohibit* the alteration, rebuilding or expansion within applicable setback requirements of non-conforming buildings, . . . or the expansion of land, used primarily for agriculture . . ." (emphasis supplied). It is to be noted that the 1962 amendment specifically refers to the prohibition of expansion of nonconforming agricultural uses. Section VI of the by-law cannot fairly be read as creating such a prohibition. By its language the by-law regulates the expansion of nonconforming uses by requiring board approval. We do not read the proviso as precluding the by-law requirement for board approval.

Cumberland suggests that this requirement amounts to a circumvention of § 5 because the board will not approve

all extensions requested of it.   The difficulty with this
argument is that it envisions a case that is not before us.
The board has not refused Cumberland permission to expand
a nonconforming agricultural use.   There is nothing amiss
in requiring board approval.   In the event that the action
of the board amounts to a prohibition in violation of § 5,
either by outright refusal to permit expansion or through
regulations so onerous as to amount to a prohibition, a
different question will be presented.[5]   Cumberland was
thus required to apply to the board for approval before
undertaking the substantial changes on the premises.


(3)   *New Construction.*

The petition for mandamus complains specifically of two
building permits (Nos. 360 and 389) issued for the construc-
tion of a new barn.   The language of G. L. c. 40A, § 5,
exempts nonconforming buildings and uses; it does not
exempt new buildings.   Chapter 40A, § 5, as appearing in
St. 1954, c. 368, § 2, provides in part that "a zoning . . .
by-law or any amendment thereof shall not apply to existing
buildings or structures, nor to the existing use of any build-
ing or structure, or of land to the extent to which it is used
at the time of adoption of the . . . by-law."   As was said,
however, in *Chilson* v. *Zoning Bd. of Appeal of Attleboro*,
344 Mass. 406, 411–412, "The erection of a new building
or alteration of an existing building for substantially greater
use is expressly put outside the exemption [contained in ·§ 5]
by the statutory words: 'but . . . [the zoning by-law] shall
apply . . . to any alteration . . . when the same would
amount to reconstruction, extension or structural change,
and to any alteration . . . to provide . . . for its use for
the same purpose to a substantially greater extent.'"   A
nonconforming building is one erected prior to the enact-

---

[5] Cumberland's contention that § VI of the by-law is inconsistent with
G. L. c. 40A, § 5, because § VI requires approval for extensions whereas the
proviso in § 5 refers to expansion is without merit.   We perceive no conflict
between these words which, for purposes of the statute, appear to have been
used interchangeably.

ment of the zoning by-law. See *Connors* v. *Burlington*, 325 Mass. 494, 495–496; *Chilson* v. *Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 411–412; *Simeone Stone Corp.* v. *Board of Appeals of Bourne*, 345 Mass. 188. Nor is Cumberland aided by the proviso in the 1962 amendment to § 5, for that does not apply to new buildings. It provides only that the zoning by-law shall not prohibit "the alteration, rebuilding or expansion . . . of *non-conforming* buildings . . . or the expansion of *land*, used primarily for agriculture" (emphasis supplied). The validity of the permits is therefore governed by § VI of the zoning by-law which requires board approval.

We are of opinion that the petitioners have shown a right to mandamus. Cumberland urges that, even if mandamus lies, the court properly exercised its discretion in denying the writ. In discussing the limits of a judge's discretion in a mandamus proceeding we said in *Massachusetts Soc. of Graduate Physical Therapists, Inc.* v. *Board of Registration in Medicine*, 330 Mass. 601, 605: "It has often been said that the issuance of the writ of mandamus is discretionary. But it has also been recognized that the discretion cannot be arbitrarily exercised and that 'the writ ought not to be refused if the petitioner shows an absolute right and is without other remedy, and where no reason exists for refusing the writ. To deny the writ in such a case is to quarrel with the policy of the law which creates the right.'" Moreover, under G. L. c. 213, § 1D, all questions before the trial judge are open to the same extent in this court, including questions of discretion. Conceivably the judge may have refused relief by mandamus to give Cumberland a reasonable time to apply to the board for approval. See *Village on the Hill, Inc.* v. *Massachusetts Turnpike Authy.* 348 Mass. 107, 119.

The judgment denying the writ is reversed. Although the petitioners are entitled to the writ granting the relief prayed for except as to permit No. 355, its issuance is to be stayed for a period of ninety days, or for such further time as the board may reasonably require to consider the matter, in order to allow Cumberland an opportunity to seek approval

from the board for the new construction and expansion carried out on the premises. If such approval is granted within that time judgment is to be entered denying the writ; otherwise judgment is to be entered granting the writ.

*So ordered.*

## II.

### THE EQUITY CASE.

This is an appeal by Cumberland under G. L. c. 40A, § 21, from a decision of the board holding that the issuance to Cumberland of building permit No. 224, without prior approval of the board, was a violation of the zoning by-law. Permit No. 224 was for an extension to a barn which was not in existence until some time after November, 1964.

Cumberland contends that the making and filing of the board's decision more than ninety days after the filing of the appeal in violation of G. L. c. 40A, § 18, vitiates the decision.[6] The appeal from the issuance of building permit No. 224 was filed on September 1, 1965. On November 15, 1965, a public hearing was held on this appeal at which time the board requested from the parties an extension of the ninety day period set forth in G. L. c. 40A, § 18. The appealing party agreed to an extension of one week but Cumberland neither agreed nor disagreed. The decision, which was filed on December 7, 1965, ninety-five days from the date of the filing of the appeal, was five days late. The judge ruled that the decision was not invalid. There was no error. As was said in *Cheney* v. *Coughlin,* 201 Mass. 204, 211: "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." The ninety day requirement in § 18 did "not go to the essence

---

[6] Section 18, as amended by St. 1962, c. 387, provides in part, "The decision of the board shall be made within ninety days after the date of the filing of an appeal, application or petition."

of the thing to be done"; it was directory and not mandatory. See *Kerr* v. *Palmieri*, 325 Mass. 554, 558, and *Monico's Case*, 350 Mass. 183.

The issuance of permit No. 224 without board approval violated the express provisions of § VI of the by-law. Cumberland contends, however, that the by-law exceeds the authority of the enabling act and that it should yield to the inconsistent provisions of G. L. c. 40A, § 5. The trial judge "ruled as matter of law that . . . [c. 40A, § 5] did not apply to the construction . . . the Board of . . . Appeals . . . having found it to be new construction." Cumberland urges that this ruling was unsupported by the findings of either the master or the board. More, specifically, it assigns as error the fact that the judge relied on the findings of the board. It is true that in an appeal under G. L. c. 40A, § 21, the case is heard de novo and the decision of the board cannot be the basis of the court's decision. *Devine* v. *Zoning Bd. of Appeals of Lynn*, 332 Mass. 319. On the basis of the auditor's report we are of opinion, however, that the judge's decision was correct, although he may have assigned the wrong reason. See *Weidman* v. *Weidman*, 274 Mass. 118, 125. The auditor found that permit No. 224 was for an extension to a barn which was constructed some time after November, 1964. The extension, together with the portions constructed under other permits, forms one barn which is a new barn for purposes of the by-law because it was not in existence when the by-law went into effect. Accordingly G. L. c. 40A, § 5, which deals with nonconforming buildings and uses, has no application to permit No. 224. *Chilson* v. *Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 411. Nor, as stated above, does the proviso in § 5, added by the 1962 amendment, apply to new buildings.

The final decree sustaining the decision of the board was right, and the entry must be

*Decree affirmed.*