THOMAS E. CROSBY & others *vs.* BOARD OF APPEALS OF WESTON & others. February 28, 1975. The plaintiffs appeal from a decree upholding the decision of the Board of Appeals of Weston (board) granting a variance to the owners of the locus, the other defendants in this suit (defendant). The record (including "Findings, Rulings and Order" and a "Statement of Agreed Facts") furnishes an adequate basis for the decree. The evidence is not reported, and the trial judge took a view. Both the board and the trial judge found, in sufficient detail, that all the statutory requisites (G. L. c. 40A, § 15) for the grant of a variance had been met with respect to the locus. The trial judge made full and careful findings (including among others) that "[t]he locus meets the requirements of the Zoning By-law in square foot area and frontage, but not lot width at setback and building lines, [and] [t]he terrain and contour is such that construction on the locus requires locating the dwelling in a position as not to comply with the sideline requirements," that "[t]he locus . . . is the only lot remaining in a subdivision without a dwelling thereon," and that "[a] literal enforcement of the Zoning By-law will probably result in complete non-use of the parcel." See *Chater* v. *Board of Appeals of Milton,* 348 Mass. 237, 244-245 (1964); *Sherman* v. *Board of Appeals of Worcester,* 354 Mass. 133, 135 (1968). The claim that the defendant's hardship was self-created is not borne out by the record. *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748 (1960), and *Sorenti* v. *Board of Appeals of Wellesley,* 345 Mass. 348 (1963), cited by the plaintiffs, are not in point. The hardship did not arise from "changes and commitments made by the . . . [defendant] after purchasing the land with a zoning law limitation on its use . . . ." *Cary* case, *supra,* at 750. Nor did the defendant act in circumvention of the zoning by-law. *Sorenti* case, *supra,* at 351. The trial judge found that "[t]he locus, when originally laid out [prior to the present zoning law], complied with the minimum lot width at setback line and lot width at building line." The failure of the board to file its decision within sixty days of the hearing, as specified in G. L. c. 40A, § 18 (as amended by St. 1969, c. 870, § 1), is not a jurisdictional defect. *Scott* v. *Board of Appeal of Wellesley,* 356 Mass. 159, 162 (1969). The sixty-

day requirement was directory and not mandatory. *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 679-680 (1968).

*Decree affirmed.*

*David B. Crosby* for the plaintiffs.

*Edward D. Grayson* (*Rosann C. Madan* with him) for the defendants.