MICHAEL K. ANGELUS & others *vs.* BOARD OF APPEALS OF WESTWOOD. June 10, 1982. The plaintiffs, owners of land in the town of Westwood,

appealed to the Superior Court from the denial by the defendant board of appeals (board) of their application for a variance which would permit them to use their property as a real estate office. A judge of that court allowed the plaintiffs' motion for summary judgment on the ground that the variance had been granted as matter of law — "constructively" granted — because of the failure of the board to act within seventy-five days of the filing of the application for the variance, in accordance with G. L. c. 40A, § 15, a provision of the "new" zoning law enacted in its entirety by § 3 of St. 1975, c. 808. The board has appealed from the ensuing judgment.

The issue which concerns us here is "whether it was [the] new § 15 that controlled [the circumstances of this case], or, as contended by the defendant, § 18 of the predecessor c. 40A, under which the decision of the board would not fail of effect." *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69 (1979). We hold that this case is controlled by G. L. c. 40A, § 18, as in effect prior to its amendment by St. 1975, c. 808, § 3, and reverse the judgment below.

On this record it cannot be disputed that the application for a variance was filed and in process before the new version of G. L. c. 40A took effect in the town of Westwood. As the new c. 40A was intended to have prospective effect only (see *Shalbey* v. *Board of Appeal of Norwood*, 6 Mass. App. Ct. 521, 526-527 [1978]), we are unable to agree with the trial judge that "[b]y operation of law, section 15 of [the new] chapter 40A controlled" the circumstances of this case. Cf. *Brown* v. *Board of Appeals of Manchester*, 8 Mass. App. Ct. 929 (1979).

Deciding as we do that the proceedings were governed by the predecessor c. 40A, we follow the cases, as we must, interpreting § 18 of that earlier version of c. 40A. Those cases have consistently held that the time in which a board is required to file its decision is directory rather than mandatory. See, e.g., *Cullen* v. *Building Inspector of No. Attleborough*, 353 Mass. 671, 679-680 (1968); *Crosby* v. *Board of Appeals of Weston*, 3 Mass. App. Ct. 713, 713-714 (1975). "Under that dispensation, the board's decision herein would be held not invalidated through lack of timeliness." *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. at 69.

In view of what we have already said, it is not necessary for us to discuss any of the plaintiffs' arguments predicated on the current version of c. 40A.

The summary judgment is vacated, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Thomas P. McCusker, Jr.*, Town Counsel, for the defendant.
*Thomas E. Nannicelli*, for the plaintiffs, submitted a brief.