# BRIAN A. ZUCKERMAN *vs.* ZONING BOARD OF APPEALS OF GREENFIELD.

Franklin. January 9, 1985. — April 30, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Zoning*, Board of appeals: decision; Appeal to Superior Court. *Notice. Statute*, Construction.

If it is assumed that language of G. L. c. 40A, § 15, requiring that a zoning board of appeals file its decision with the municipal clerk "within fourteen days" means that a decision must be filed within fourteen days after it is made, this requirement is merely directory, rather than mandatory, in circumstances where a town's board of appeals made and filed its decision within seventy-five days after an appeal was filed with it. [665-667]

Where a town's zoning board of appeals fully complied with the requirement of G. L. c. 40A, § 15, that notice of its decision "be mailed," an applicant's failure to appeal to the Superior Court under G. L. c. 40A, § 17, in a timely fashion was not excused on the ground that he never received notice of the board's decision in the mail. [667-670]

CIVIL ACTION commenced in the Superior Court Department on January 10, 1983.

The case was heard by *John F. Murphy, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Marian S. Lubinsky* for the plaintiff.

*Edward P. Smith,* Town Counsel, for the defendant.

HENNESSEY, C.J. In this case we are asked to interpret the requirement of G. L. c. 40A, § 15, that a zoning board of appeals file its decision "within fourteen days." A judge of the Superior Court concluded that the provision requires that the board's decision be filed within fourteen days after the decision is made, but held that the board's failure to observe the requirement does not result in a constructive grant of the relief sought. Instead, the judge entered summary judgment

for the board, on the ground that the applicant for the building permit failed to appeal to the Superior Court within twenty days after the board's filing of its decision, as required by G. L. c. 40A, § 17. We transferred the case to this court on our own motion, and now affirm the judgment below.

The case was submitted to the trial judge on a "Stipulation of Agreed Facts," which is summarized as follows. On June 7, 1982, Brian A. Zuckerman (applicant), the holder of a franchise for a McDonald's restaurant in Greenfield, applied to the building inspector of Greenfield for a permit to erect a playground beside the restaurant. The equipment which would constitute the proposed playground was modeled after "Mc-Donaldland" characters, and included an eleven foot tall "Big Mac Climber." The inspector denied the application, reasoning that the playground equipment would constitute a sign, and would thus violate certain provisions of the Greenfield zoning by-law. On September 20, 1982, the applicant appealed to the zoning board of appeals of Greenfield (board). A public hearing was held on November 18, 1982, and, on the same evening, the board voted to overrule the building inspector, and to allow construction of the playground if certain conditions were met. On December 3, 1982, fifteen days after the board had made its decision, written copies of the decision were filed with the town clerk, and mailed to the applicant. According to the stipulation filed by the parties, the applicant "would testify" that he never received the copy addressed to him.

The applicant's attorney first learned of the board's action on December 20, 1982. Certain of the conditions imposed on the construction of the playground were unacceptable to his client. In particular, the board had decided that the playground could be erected only if it were surrounded by a six foot high wrought iron fence, as well as dense evergreen shrubbery of the same height. The applicant was willing to construct such a barrier, but he objected to the height requirement. Accordingly, he filed an appeal in the Superior Court on January 10, 1983, thirty-eight days after the decision of the board was filed.

1. *G. L. c. 40A, § 15.*[1]

We first confront the applicant's claim that the board's failure to file its decision in the requisite period of time resulted in a constructive grant of the relief sought. General Laws c. 40A, § 15, provides that a decision of the board of appeals "shall be filed within fourteen days." The statute does not specify, however, when this fourteen-day period begins to run. See *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 622 n.7 (1983). The applicant contends that G. L. c. 40A, § 15, requires that the decision be filed "within fourteen days" from the time the decision is made. In this case, the decision was not filed until fifteen days after the day of the hearing when the board voted to overrule the building inspector. Thus, if we accept the applicant's interpretation of the fourteen-day requirement, the board failed to file its decision in a timely fashion. On the other hand, if the statute merely requires that the decision be filed within fourteen days of the last day of the period within which board action is required (which is within seventy-five days from the day on which the appeal is filed), then the board's actions have fulfilled the statutory timing requirements.

We need not, at this point, choose between these contrary interpretations of the statute. Instead, even if we assume, with-

---

[1] General Laws c. 40A, § 15, inserted by St. 1975, c. 808, § 3, provides, in relevant part, that "[t]he decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition except in regard to special permits, as provided for in section nine of this chapter. Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter. The board shall cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and setting forth clearly the reason or reasons for its decision and of its official actions, copies of all of which shall be filed within fourteen days in the office of the city or town clerk and shall be a public record; and notice of the decision shall be mailed forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent. Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of city or town clerk."

out deciding, that a decision must be filed within fourteen days after it is made, the applicant is not entitled to a constructive grant of his permit. We conclude that, at least in those circumstances where the board has filed its decision within seventy-five days after the applicant appeals, any additional requirement, to the effect that the board file its decision within fourteen days after the decision is made, would be directory only. Cf. *Capone* v. *Zoning Bd. of Appeals of Fitchburg, supra* at 619, 622 (constructive relief granted where decision made fifty-seven days after appeal, but not filed until 110 days after appeal). Because the board filed its decision on the applicant's playground seventy-four days after the appeal was filed, there was no constructive grant of the relief sought.[2]

General Laws c. 40A, § 15, expressly provides a remedy for the failure of a board to act "within seventy-five days" after an appeal is filed. *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885 (1981). In contrast, no remedy is specified for failure to file a decision "within fourteen days." The omission is significant. Even if the Legislature did intend to require that a decision be filed within fourteen days after it is made, we conclude that it did not intend to remedy the type of violation committed by the board in the case before us. See *Vokes* v. *Avery W. Lovell, Inc.*, 18 Mass. App. Ct. 471, 478 (1984). See also *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. 256, 263 (1984) (where the Legislature has used certain language in one section of a statute, but not in another, the language should not be implied where it is not present). *Capone* v. *Zoning Bd. of Appeals of Fitchburg, supra*, is not to the contrary. In *Capone*, we held that the applicant was entitled to a constructive grant where the board had acted within seventy-five days, but had neglected to file its decision

---

[2] We express no view on the situation where the board makes its decision within seventy-five days, but files its decision within fourteen days after the seventy-five day period has elapsed. Cf. *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 110-111 (1981) (where statute requires *final* action within ninety days, decision must be made *and* filed within that period of time); *Elder Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480, 481 (1984) (same).

until 110 days after the applicant had appealed. In that case, the board's failure to file its decision within fourteen days after the expiration of the seventy-five day period within which board action was permitted, created the prospect of a perpetual "cloud [on] the rights of a landowner to use his land." *Id.* at 623, quoting *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 111 (1982) (Dreben, J., dissenting). There is no such prospect here, where the board filed its decision within seventy-five days after the applicant appealed.

We note that this result is consistent with our interpretation of similar statutes where no remedy is specified. "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." *Cheney* v. *Coughlin*, 201 Mass. 204, 211 (1909). *Cullen* v. *Building Inspector of N. Attleborough*, 353 Mass. 671, 679 (1968) (interpreting predecessor to G. L. c. 40A, § 15). See also *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69-70 (1979). At least where the decision is filed within seventy-five days after the applicant appeals, any additional requirement that a decision be filed within fourteen days after it is made does "not go to the essence of the thing to be done." *Cullen* v. *Building Inspector of N. Attleborough, supra* at 679-680 (quoting *Cheney* v. *Coughlin, supra*). Cf. *Capone* v. *Zoning Bd. of Appeals of Fitchburg, supra* at 623-624; *Hashimi* v. *Kalil*, 388 Mass. 607, 610 (1983) (time limit on hearing involving civil commitment "goes to the essence of the public duty"). Thus we agree with the judge that the board did not constructively grant the relief sought by the applicant.

2. *G. L. c. 40A, § 17.*[3]

We turn now to the applicant's second contention, that the judge erred in dismissing the case because the applicant failed

---

[3] General Laws c. 40A, § 17, as amended through St. 1982, c. 533, § 1, provides, in part, that "[a]ny person aggrieved by a decision of the board of

to fulfil the requirement of G. L. c. 40A, § 17, that he file his appeal within twenty days after the board's decision was filed with the town clerk. The "Stipulation of Agreed Facts" shows that the clerk who works for the building inspector "would testify" that the decision was mailed to the applicant on December 3, 1982, the same day the decision was filed. The applicant stipulated that he "would testify" that he never received it, and that his attorney was not informed of the decision until December 20.[4] The appeal was filed on January 10, 1983. Thus the applicant did not appeal until thirty-eight days after the board's decision was filed. Nonetheless, he contends that his failure to appeal in a timely fashion should be excused on the ground that he never received the board's decision in the mail.

General Laws c. 40A, § 17, provides that an appeal must be filed within twenty days "notwithstanding any defect of procedure or of notice *other than notice by publication, mailing or posting*" (emphasis added). The applicant argues that his failure to receive the notice of decision mailed to him consti-

---

appeals or any special permit granting authority, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the superior court department in which the land concerned is situated or, if the land is situated in Hampden county, either to said superior court department or to the division of the housing court department for said county, or to the land court department, or to the division of the district court department within whose jurisdiction the land is situated except in Hampden county, by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . . The foregoing remedy shall be exclusive, notwithstanding any defect of procedure or of notice other than notice by publication, mailing or posting as required by this chapter, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk, but the parties shall have all rights of appeal and exception as in other equity cases."

[4] For the purposes of this case, we interpret the inartful wording of the stipulations as we think the parties intended. Thus we read both stipulations, that a clerk "would testify" that notice of the decision was mailed, and that the applicant "would testify" that notice of the decision was never received, as though the parties had made statements to that effect in uncontroverted affidavits.

tutes a defect of notice by mailing, and that in such cases, the statute provides him with the opportunity to challenge the board's action "within ninety days after the decision has been filed in the office of the city or town clerk."

We disagree. General Laws c. 40A, § 15, requires that notice of the decision of the board of appeals "shall be *mailed* forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent" (emphasis added). According to the stipulation filed by the parties, "[t]he clerk who works for the Building Inspector would testify that her records show that a copy of the decision was sent postage prepaid to the applicant on December 3, 1982." There is no suggestion in the stipulation that the notice of the decision was improperly addressed, or that the clerk attached insufficient postage, or that the contents of the notice were defective. Accordingly, the requirements with respect to mailing the notice of the decision were completely satisfied.

General Laws c. 40A, § 15, requires only that the notice of decision "be mailed." The board does not, as the applicant urges, also have a duty to ensure that the notice is received. See *Survey & Research Serv. Inc.* v. *Director of the Div. of Employment Sec.*, 352 Mass. 475, 476 (1967) (statute requiring notice to "be served . . . by registered mail" within seven days requires mailing, not receipt, within seven days); see also *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. 441, 444 (1975). If the Legislature had intended that the board ensure receipt, it could have so provided. For instance, use of the word "given" instead of "mailed" has been interpreted to require proof of receipt. *Costello* v. *Board of Appeals of Lexington, supra.* See, e.g., G. L. c. 40A, § 17 (notice of appeal from board's decision "*shall be given* to such city or town clerk" [emphasis added]). Accordingly, we conclude that the statute at issue here does not require that the notice of decision be received. Moreover, because the board fully complied with the requirement that notice "be mailed," there was no defect of notice by mailing which could extend the time to appeal under G. L. c. 40A, § 17, beyond twenty days.

We further reject the applicant's argument that there was a defect of notice by mailing because the board failed to mail notice of its decision to the applicant's attorney of record. The applicant's attorney is not one of those individuals enumerated in G. L. c. 40A, § 15, to whom notice "shall be mailed."[5] Nor do we see any reason to engraft the requirements of Mass. R. Civ. P. 5 (b), 365 Mass. 745 (1974), which provides for service to be made on a party's attorney of record, onto proceedings before zoning boards of appeals.[6]

In summary, we conclude (1) that the board's failure to file its decision within fourteen days after the decision was made did not result in a constructive grant of the application; and (2) that summary judgment in favor of the board was appropriate because the applicant failed to appeal until thirty-eight days after the board's decision was filed.

*Judgment affirmed.*

---

[5] The statute requires that notice be mailed to "the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent." There is no dispute that the applicant's attorney is not an abutter or other interested party under G. L. c. 40A, § 11, and nothing in the record suggests that he requested that notice be sent to him.

[6] Because we conclude that there was no defect of notice by mailing, we need not decide whether the extended appeal period of G. L. c. 40A, § 17, applies to defects with respect to notice of the board's decision, or only to defects with respect to notice of a public hearing under G. L. c. 40A, § 11. See *Massachusetts Bread Co.* v. *Brice*, 13 Mass. App. Ct. 1053, 1054 (1982).