DESPINA ANGELUS & another,[1] trustees, *vs.* BOARD OF APPEALS OF CANTON & another.[2] No. 87-827. April 27, 1988. *Zoning,* Board of appeals: decision; Constructive grant of relief. *Notice. Words,* "Final action."

The plaintiffs filed with the board a combined application for a special permit and request for approval of a site plan (see *Prudential Ins. Co. of America* v. *Board of Appeals of Westwood,* 23 Mass. App. Ct. 278 [1986]) for a proposed condominium development in a "General Residence" zoning district. The board, acting as the "special permit granting authority" (G. L. c. 40A, § 1A, inserted by St. 1977, c. 829, § 3A), duly held a hearing on the application within sixty days of its filing. On the ninetieth day following the hearing the board filed its decision denying the application for a special permit (it took no action on the request for site plan approval) with the town clerk and caused a copy of its decision to be served in hand on the attorney who had represented the plaintiffs at the hearing. The plaintiffs appealed to the Superior Court within twenty days thereafter. G. L. c. 40A, § 17, as amended through St. 1985, c. 492, § 1. They moved for summary judgment in their favor on the theory that there had been no "final action" by the board within the ninety-day period set out in G. L. c. 40A, § 9, as in effect prior to St. 1986, c. 471, because the written notices then provided for in the fifth paragraph of G. L. c. 40A, § 15, as appearing in St. 1975, c. 808, § 3,[3] had not been mailed within the ninety days. See generally *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,* 394 Mass. 663 (1985). The motion judge agreed with the plaintiffs and entered a judgment annulling the decision of the board and declaring that both aspects of the plaintiffs' application had been constructively granted under said § 9.[4] The board and the town appealed. We reverse because we think it clear that § 15 notices were not ingredients of the "final action" required by § 9. See *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.,* 384 Mass. 109, 112 (1981) ("Once it is concluded that the permit granting authority must file its decision with the city clerk, it is difficult to conclude that such filing is

---

[1] Bruce S. Evans.

[2] The town of Canton.

[3] See now the tenth paragraph of G. L. c. 40A, § 9, as appearing in St. 1987, c. 498, § 1.

[4] The judge's reference to § 15 was obviously in error.

not the last act required of the board on the permit application, and thus final action within the meaning of the statute"). See also *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, 394 Mass. at 666 n.2; *Mullin* v. *Planning Bd. of Brewster*, 17 Mass. App. Ct. 139, 144 (1983) ("The board . . . did take final action by filing its initial decision with the town clerk well within the [ninety-day] period"); *Elder Care Servs. Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480, 481 (1984). We note that the plaintiffs, who managed to file a timely appeal to the Superior Court, do not suggest that they were harmed in any respect by the board's not mailing them notice of its decision within the ninety-day period.

*Judgment reversed.*

*Morton H. Libbey, Jr.,* of Connecticut for the plaintiffs.
*Joseph R. Santos* for the defendants, submitted a brief.