The town of Auburn (town) filed a complaint in Housing Court seeking to enjoin the defendants from using the property at 196 Leicester Street (locus) as a multifamily residence in violation of the town's zoning by-laws. After considering the motion to dismiss filed by some of the defendants, the judge concluded that the complaint was barred by the applicable statute of limitations. Accordingly, summary judgment entered for the defendants.[3] On appeal, the town contends that because the six-year statute of limitations set forth in G. L. c. 40A, § 7, as appearing in St. 1989, c. 341, § 21, extends only to property that "has been improved and used in accordance with the terms of the original building permit," that statute does not apply in this case. We agree.
Background. We summarize the undisputed facts. The locus, built as a mansion for a single family, is a three-story residence with dozens of rooms and multiple staircases, decks, and balconies. It is owned by defendant Eagle Property Management, LP (Eagle), and occupied by one of its partners, defendant Alcamenes Efthymiadis, and his wife, defendant Dimitra Efthymiadis. Two separate apartments within the residence are rented to individuals unrelated to Eagle.
Prior to 2000, the locus was owned by others and used exclusively as a single-family residence. In 2000, the then-owners began renting apartments in the locus that previously had been used as "servants" quarters. Around that time, a town official inspected the locus and determined that one of the apartments required an external fire escape. At the suggestion of the inspector, the then-owners applied for and obtained a building permit to build the fire escape. It was constructed shortly thereafter.
Eagle purchased an interest in the locus in 2011. In 2013, Eagle applied for a special permit and a variance for multifamily use. These applications were denied by the town zoning board of appeals. In 2015, the town served Eagle with a cease and desist letter, informing Eagle that the town zoning by-laws permitted only single-family use of the structure, and that further multifamily use would result in fines of $300 per day beginning July 20, 2015. When Eagle continued multifamily use of the locus, the town filed its complaint for injunctive relief.
Discussion. We review the judge's summary judgment de novo. See Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012). The standard for granting or denying a motion for summary judgment is well established: we determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
The judge ordered the entry of summary judgment for the defendants reasoning that, as a matter of law, G. L. c. 40A, § 7, provided a six-year statute of limitations for zoning enforcement in the circumstances, which barred the town's complaint for injunctive relief. There is no dispute that the town's complaint was filed nearly fifteen years after the building permit for the fire escape was authorized by the town. The question is whether the limitations period of G. L. c. 40A, § 7, protects multifamily use of the locus. We conclude that it does not.
Section 7 provides in pertinent part that
"if real property has been improved and used in accordance with the terms of the original building permit..., no action, criminal or civil, ... to compel the abandonment, limitation or modification of the use allowed by said permit... shall be maintained, unless such action ... is commenced ... within six years next after the commencement of the alleged violation of law ..." (emphasis supplied).[4]
In determining whether a building permit authorizes a nonconforming use that triggers the six-year limitations period, we focus on the permit application, the associated materials, and the permit itself. See Cape Resort Hotels, Inc. v. Alcoholic Lic. Bd. of Falmouth, 385 Mass. 205, 219-220 (1982) (Cape Resort ). See also Moreis v. Board of Appeals of Oak Bluffs, 62 Mass. App. Ct. 53, 59 (2004) ("We have carefully examined the permits and permit applications ... to see whether they allowed [a nonconforming use] within the meaning of § 7, and conclude that they do not"), citing Cape Resort, supra at 219, and Garabedian v. Westland, 59 Mass. App. Ct. 427, 437 (2003). The limitations protection afforded by G. L. c. 40A, § 7, extends only to uses set forth in those documents. See Cape Resort, supra (use of room as bar protected where application explicitly referenced dancing, drinking, and entertainment); Garabedian, supra at 429, 436-437 (use as aircraft hangar protected where application and permit both indicated "barn" and application was accompanied by Federal Aviation Administration forms).
The relevant permit in this case is the 2000 building permit for the fire escape. The permit application made no reference to multifamily use. The section of the form that called for the applicant to disclose the proposed use was left blank. The only statement of purpose for the proposed construction was a handwritten note stating "Fire Egress." Materials submitted in support of the application included a list of construction specifications, and a simple drawing of the residence's external dimensions and the proposed fire escape. None of these materials referred to multifamily use of the property. The permit itself makes no mention of multifamily use, referring only to the "fire egress platform and stairs" that would connect to the driveway.
Accordingly, because the application, accompanying materials, and permit made no reference to the nonconforming multifamily use, the statute of limitations protection in G. L. c. 40A, § 7, does not apply to that multifamily use. Summary judgment for the defendants on that basis was error.[5]
Judgment vacated.

Because the motion to dismiss was based on matters outside the pleadings, the judge treated the motion as one for summary judgment. See Mass.R.Civ.P. 12(b), 365 Mass. 754 (1974).

We quote the statutory text that applied in November of 2015, when the town filed its complaint.

We are not persuaded by the argument by Eagle and Dale Conrad in the Housing Court that the town was on notice of the nonconforming use and that such notice triggers application of the statute of limitations. The argument sounds in estoppel, and municipalities may not be estopped from enforcing their zoning laws, even after long periods of inaction. Cullen v. Building Inspector of N. Attleborough, 353 Mass. 671, 674-675 (1968).