ELDER CARE SERVICES, INCORPORATED *vs.* ZONING BOARD OF APPEALS OF HINGHAM & another.[1]

Plymouth. October 24, 1983. — February 6, 1984.

Present: ARMSTRONG, PERRETTA, & DREBEN, JJ.

*Zoning*, Appeal, Constructive grant of relief.

Where a zoning board of appeals had failed to file its decision denying an application for a special permit within the ninety-day period required by G. L. c. 40A, § 9, and thus had constructively granted the permit, the board was not entitled, in an action brought by the applicant seeking to establish that the board's tardy decision denying the permit was without effect, to litigate whether the permit was for a use prohibited under the zoning by-law or whether the applicant had waived its right to a constructive grant of a permit. [481-483]

CIVIL ACTION commenced in the Superior Court Department on May 13, 1982.

The case was heard by *Hurd*, J.

*George M. Ford* (*Chester A. Janiak* with him) for the defendants.

*Michael S. Gardener* (*Louise Sawyer* with him) for the plaintiff.

DREBEN, J. In September, 1981, Elder Care Services, Incorporated (Elder Care), applied to the zoning board of appeals (board) for a special permit to construct a facility consisting of a 120-bed nursing home and 300 self-care units in a district where, under Hingham's zoning by-law, a nursing home or "other non-correctional institutional use" is allowed under a special permit, but where multi-family dwellings, including apartments, are not. The board denied the application on December 10, 1981, at its last public hearing on the matter, but failed to file its decision until April 26, 1982,

───────────────────

[1] The building commissioner of Hingham.

137 days after the public hearing. Since the board did not file its decision with the town clerk within the ninety-day period required by G. L. c. 40A, § 9, the permit must be deemed to have been constructively granted. *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 110 (1981). A judge of the Superior Court *so* ruled as matter of law in this action brought by Elder Care within twenty days of the April decision of the board. Elder Care's action sought, among other things, to annul that decision. A judgment entered for Elder Care.[2]

The board claims error in the judge's refusal to allow it to litigate the issues: (1) whether the permit was for a prohibited use under Hingham's zoning by-law[3] and (2) whether Elder Care had waived its right to a constructive grant of a permit. We affirm.

The board contends that this action should be considered a timely appeal under G. L. c. 40A, § 17, in which these issues may be litigated as it was brought, albeit by Elder Care, within twenty days of the filing of the board's decision in April. The board's challenge, however, is not directed against its April decision (which, indeed, it is trying to sustain) but rather is directed against the constructive grant of March 10, 1982, which resulted from the board's failure to file its decision within the ninety-day period. The cases which construe G. L. c. 40A, §§ 9 and 15, as requiring the filing as well as the making of a decision within statutory time limits point to the importance of the need to limit the period during which an appeal may be taken. *Building In-*

---

[2] The board does not object to the form of the judgment, which ordered it to issue a special permit "subject to such reasonable conditions, safeguards and limitations on time or use as provided by G. L. c. 40A and the Zoning By-law of the Town of Hingham."

[3] In denying the application at its December 10, 1981, hearing, the board concluded that the use could be authorized as an institutional use but denied the permit for other reasons. The decision of April 26, 1982, denied the application on the ground that the board had no authority to grant a special permit. It found that the self-care units are not a noncorrectional institutional use as they "are not essentially different from apartment house buildings."

*spector of Attleboro* v. *Attleboro Landfill, Inc.*, 383 Mass. at 111-112. *Capone* v. *Zoning Board of Appeals of Fitchburg*, 389 Mass. 617, 623-624 (1983). *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 111 (1982) (Dreben, J., dissenting). "[T]he applicable judicial appeal period must be limited to a definite time even when a board does not timely file its decision in the office of the city or town clerk." *Capone, supra* at 624.[4] To permit the board to create for itself a new appeal period by choosing to file its decision late would undermine the legislative intent as construed in these opinions. Cf. also *Milton Commons Associates* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 118-120 (1982).

The same consideration leads us to reject the board's alternative claim that an appeal under G. L. c. 40A, § 17, is unnecessary, where, as here, it is claiming that the grant was unauthorized. The statutory appeal provided in G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, specifically applies to claims that "the decision exceeds the authority of the board," and that route of appeal, which § 17 states "shall be exclusive," may not be ignored.[5] See *Lincoln* v. *Board of Appeals of Framingham*, 346 Mass. 418, 420 (1963); *Saab* v. *Building Inspector of Lowell*, 1 Mass. App. Ct. 87, 88 (1973); *Costello* v. *Board of Appeals of Lexington*, 3 Mass. App. Ct. 441, 445 (1975). See also *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. at 624.

---

[4] Since G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32, directs that the appeal be brought "within twenty days after the decision has been filed in the office of the city or town clerk," unless the board is required to file its decision within a time certain and prohibited from filing it thereafter, a person aggrieved by the granting of the petition would be able to cloud the rights of a landowner for an unlimited period. The latter could not rely on the finality of a grant until twenty days had elapsed from the filing of the decision by the board. *Capone,* at 623.

[5] We need not consider whether the board itself or other town officials are the appropriate persons to bring the appeal under G. L. c. 40A, § 17, nor whether the statutory remedy is exclusive in all cases. See Ryckman, Judicial and Administrative Review in Massachusetts Zoning and Subdivision Control Cases, 52 Mass. L.Q. 297, 348 ff. (1967).

As we said in *Girard* v. *Board of Appeals of Easton*, 14 Mass. App. Ct. 334, 338 (1982), "[z]oning relief granted constructively is not beyond judicial review. The relief so granted may be tested on appeal under G. L. c. 40A, § 17, to determine whether facts exist which would have enabled the board to grant the relief." Having allowed the time to pass under § 17, the board cannot now belatedly challenge the constructive grant in Elder Care's action.

We also conclude for analogous reasons that the judge was correct in ruling that the board may not, in this proceeding, litigate whether Elder Care by its actions waived the right to a constructive grant of its application. See *Zaltman* v. *Town Clerk of Stoneham*, 5 Mass. App. Ct. 248, 252 (1977), where under G. L. c. 41, § 81U, we required that there be a record in the town clerk's office of definitive action within the statutory time period and, therefore, precluded a showing of waiver of a right to constructive approval. We think the same principles apply here where there is nothing to suggest that a waiver was made a matter of record in the Hingham town clerk's office.[6]

*Judgment affirmed.*

---

[6] We note that the Hingham town clerk's certificate of April 12, 1982, included in the record appendix, indicated that nothing had been filed in the clerk's office. We do not consider what effect a written waiver, if filed, would have.