IDA C. O'KANE *vs*. BOARD OF APPEALS OF HINGHAM.

Plymouth. February 4, 1985. — June 3, 1985.

Present: GREANEY, C.J., KAPLAN, & BROWN, JJ.

*Zoning,* Board of appeals: decision.

Where a town's board of appeals, which had considered an application for a zoning variance, filed its written decision with the town clerk within fourteen days following the expiration of the seventy-five day period fixed by G. L. c. 40A, § 15, this filing was timely, and the variance was not constructively granted, even though the board's filing occurred more than fourteen days after its oral vote to deny the application. [163-165]

CIVIL ACTION commenced in the Superior Court Department on October 5, 1983.

The case was heard by *Guy Volterra,* J.

*Chester A. Janiak* for the defendant.

*Douglas A. Randall* for the plaintiff.

KAPLAN, J. The notoriously confused text of G. L. c. 40A, § 15, fifth par., as appearing in St. 1975, c. 808, § 3 (set out in the margin[1]) presents yet another difficulty, and we seek to find the more satisfactory solution.

---

[1] "All hearings of the board of appeals shall be open to the public. The decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition except in regard to special permits, as provided for in section nine of this chapter. Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter. The board shall cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and setting forth clearly the reason or reasons for its decision and of its official actions, copies of all of which shall be filed within fourteen days in the office of the city or town clerk and shall be a public record; and notice of the decision shall be mailed forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present

On July 6, 1983, the plaintiff Ida C. O'Kane filed her application for a variance in the office of Hingham's town clerk. The defendant board of appeals conducted a public hearing on the application on August 16, 1983, forty-one days after the application, and on the same day the board voted (orally) to deny it. The written decision of the board, assigning reasons, was filed in the town clerk's office on September 20, 1983, thirty-five days after the oral decision and seventy-six days after the application. O'Kane took her "appeal" to the Superior Court under G. L. c. 40A, § 17, on October 5, 1983, within the twenty days allowed. Upon stipulated facts, in substance as just narrated, a judge of the Superior Court ruled, agreeing with the plaintiff, that the variance must be held to have been "constructively" granted because of the failure of the board to file its written decision in the town clerk's office within fourteen days following its action in rendering the oral decision. The board appeals to this court. We reverse.

The judge argued, plausibly, that the fourteen-day provision was "mandatory," but the later opinion in *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, 394 Mass. 663, 665-667 (1985), establishes the contrary: the provision is "directory." Hence, in *Zuckerman*, where the appropriate writing was filed more than fourteen days following decision, but within the seventy-five days after application,[2] a "constructive" grant of the application was averted and an appeal of the decision to the Superior Court, had it been timely taken, could reach the substance.[3]

The present case is a variant on *Zuckerman*. Here the writing was filed more than fourteen days after the decision, and seventy-six days after the application. And so we have the question, posed but not answered in *Zuckerman*, whether filing

at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent. Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of city or town clerk."

[2] It is settled that the board must *decide* within the seventy-five days. See *Rinaudo* v. *Zoning Bd. of Appeals of Plymouth*, 383 Mass. 885 (1981).

[3] In fact the appeal to Superior Court under § 17 was not timely taken in *Zuckerman* (at 667-670).

must at all events occur within seventy-five days, or may be effectively made within a fourteen-day interval following the expiration of the seventy-five days. As indicated in *Zuckerman*, at 665, these appear to be the only commonsensical alternatives; and we think the latter position accommodates better to the text and scheme of § 15, such as they are. In the third sentence, the "[f]ailure by the board to act within said seventy-five days" refers to "[t]he decision of the board" mentioned in the preceding sentence; and the "within fourteen days" of the third sentence, being directory, allows not less than that period after the decision is made for memorializing and filing it. Suppose a decision on the seventy-fifth day; it would be hard to deny that the board had a further fourteen days in which to file it.[4] That terminus, we think, should apply even where the decision was made at an earlier point in the period of seventy-five days.

In *Zuckerman*, at 666 n.2, the court said, "We express no view on the situation where the board makes its decision within seventy-five days, but files its decision within fourteen days after the seventy-five day period has elapsed." The court then, after the sign "Cf.," cites two special-permit cases[5] where the statute, G. L. c. 40A, § 9, as appearing in St. 1975, c. 808, § 3, states that "[f]ailure . . . to take final action upon an application for a special permit within . . . ninety days following the date of public hearing shall be deemed to be a grant of the permit applied for." Of these cited cases the court goes on to say, "where statute requires *final* action within ninety days,

---

[4] In that precise situation, where decision is on the seventy-fifth day, no more than fourteen days would be allowed for filing. Otherwise the process could be protracted indefinitely, as was possible under the predecessor statute. It was a clear purpose of the enactment of § 15 to avoid any such perpetual "cloud." See *Capone* v. *Zoning Bd. of Appeals of Fitchburg*, 389 Mass. 617, 623 (1983), quoting from *Noe* v. *Board of Appeals of Hingham,* 13 Mass. App. Ct. 103, 111 (1982) (Dreben, J., dissenting). Compare *Cullen* v. *Building Inspector of No. Attleborough*, 353 Mass. 671, 679 (1968), and comment theron in *Casasanta* v. *Zoning Bd. of Appeals of Milford*, 377 Mass. 67, 69-70 (1979).

[5] *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109, 110-111 (1981); *Elder Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham,* 17 Mass. App. Ct. 480, 481 (1984).

decision must be made *and* filed within that period of time" (emphasis in original).[6] Section 15 stands in contrast to § 9. It does not speak of final action within the seventy-five days but of the board acting (i.e., deciding) within that period, and then having a further period for filing.

*Judgment reversed.*

---

[6] See the extended analysis of § 9 in the *Building Inspector* case, note 5 *supra*.