DONALD W. CAMERON & others[1] vs. BOARD OF APPEALS OF
YARMOUTH & another.[2]

Barnstable.   September 16, 1986. — November 13, 1986.

Present: GREANEY, C.J., CUTTER, & PERRETTA, JJ.

Zoning, Nonconforming use or structure; Constructive grant of relief; Board
   of appeals: decision; Appeal to Superior Court. Practice, Civil, Zoning
   appeal.

Where a municipal board of appeals failed to file with the town clerk within
   the time prescribed by G. L. c. 41A, § 15, its decision denying a request
   by abutters and other parties for enforcement of the zoning by-law with
   respect to a certain parcel of land, the board's failure to act operated as
   a constructive grant of the relief sought by the applicants, to the extent
   (a) that the building inspector was to be directed to require the owner
   of the parcel to seek a special permit to carry on what the applicants
   contended was an unlawfully expanded nonconforming use and (b) that,
   if the owner did not seek such a permit, the building inspector was to
   commence a civil action to require the owner's compliance with the
   zoning by-law; however, this court concluded that those portions of the
   applicants' request which sought the board's determinations as to detri-
   ment to the neighborhood resulting from the owner's use of the locus
   were too general and diffuse to be susceptible of constructive approval
   under § 15. [147-149]

CIVIL ACTION commenced in the Superior Court Department
on August 20, 1982.

The case was heard by Gerald F. O'Neill, Jr., J., on a
motion for summary judgment.

James H. Quirk, Jr., for Edward C. Quirk.

Russell N. Wilkins for the plaintiffs.

CUTTER, J. Complaints were made to two successive build-
ing inspectors of Yarmouth (the town) by citizens, seeking en-

[1] Owners of land in Yarmouth.

[2] Edward C. Quirk, intervener.

forcement of the town's zoning by-law, that Edward C. Quirk was making an unauthorized use of a parcel of land owned by him (the locus). Quirk claimed that his operations were a proper pre-zoning, nonconforming use. Each building inspector acted on the basis that (1) Quirk was entitled to make a nonconforming use of the locus, and (2) he had made no improper expansion of that use. Owners of land abutting the locus and others (not including Cameron) filed apparently on April 16, 1982, with the town board of appeals (the board) an appeal from the decision of the second building inspector for relief as follows: viz., (1) that the board require Quirk "to apply for a special permit . . . in accordance with Chapter I Section 175 Sub Section 1532 [of the by-law] if he persists in his substantially changed and extended use of the" locus, and (2) that the board "find that the use of the . . . [locus] is substantially more detrimental to the neighborhood than the previous nonconforming use of the property by Gordon C. Hamblin, in accordance with . . . [town z]oning by-laws, and that, in addition, said board find that said use will create an undue nuisance, hazard, or congestion and substantial harm will result to the established and future character of the neighborhood or town in accordance with Chapter I Section 175 Sub Section 1422 of said by-laws." Hamblin was one of Quirk's predecessors in title to the locus.

A public hearing was held before the board on May 13, 1982, after notice "to the petitioner and all . . . owners of property deemed by the [b]oard to be affected" and by publication.[3] At a subsequent board meeting, on June 10, 1982, insufficient votes in favor of various suggested courses of action could be mustered. The appeal, accordingly, was treated as denied. The decision was not filed by the board with the town

---

[3] The record appendix does not contain in complete form some documents, notices of hearings, and decisions bearing upon certain contentions by Quirk in his brief. In particular, the notice of the public hearing before the board, and the decision (if any) of the former building inspector are not set out verbatim. Also, the town's zoning by-law is not in the record. See *Ploski v. Zoning Bd. of Appeals of Somerset,* 7 Mass. App. Ct. 875, 876 (1979), holding that such by-laws "are not matters of which we can take judicial notice."

clerk until August 2, 1982. This filing was 108 days after the appeal to the board on April 16, and fifty-three days after the board's decision on June 10.[4]

Upon a complaint to the Superior Court under G. L. c. 40A, § 17, by persons not all of whom were parties to the appeal before the board, the board asserted the absence of some of the original parties as a defense under § 17. Quirk, allowed to intervene, filed a counterclaim which set out (1) that different groups were (a) parties before the board and (b) parties before the Superior Court, and also (2) that the objections to the inaction of the first building inspector, followed by a further request for enforcement by objectors to the inaction of the second building inspector, amounted to harassment of him (Quirk) as owner of the locus. The plaintiffs moved for summary judgment solely on the ground that the board's decision "was made and filed beyond the time requirement set forth in" G. L. c. 40A, § 15.

The motion judge granted summary judgment for the plaintiffs on the authority of *Capone* v. *Zoning Bd. of Appeals of Fitchburg,* 389 Mass. 617, 623 (1983), and *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,* 394 Mass. 663, 666-667 (1985). He stated that the failure of the board "to file its decision until fifty-three days after its decision" and 108 days after the filing of the petition to the board had resulted in a "con-

---

[4]The record and docket entries show no appeal at any time by Quirk from the board's decision of June 10, 1982 (naturally enough because it was in his favor), or from any "constructive" granting by the board of relief sought by the plaintiffs. See *Girard* v. *Board of Appeals of Easton,* 14 Mass. App. Ct. 334, 337-338, decided August 23, 1982, so that Quirk and his counsel could not have been put on notice of the possibility of claiming judicial review (under the principles of that decision) of any "constructive" grant of relief, by the board by its failure to file its decision with the town clerk within fourteen days (see G. L. c. 40A, § 15) after its denial of relief on June 10 or within twenty days from the expiration of the period of seventy-five days following the filing of the plaintiff's petition to the board on April 16, 1982, viz., June 30, 1982. See G. L. c. 40A, § 17. Because Quirk never himself sought judicial review, we need not decide the period within which he could have done so under *Girard* case principles. See, however, the discussion in *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield,* 394 Mass. 663, 665-667 (1985).

structive" grant of the petition. See also *Cappuccio* v. *Zoning Bd. of Appeals of Spencer,* 398 Mass. 304, 310-311 (1986). He ruled that the plaintiffs' petition to the board was under c. 40A, §§ 8 and 15, rather than under § 9, because the "plaintiffs were not seeking a special permit" but were asking instead "a determination by the [b]uilding [i]nspector that . . . [Quirk's] operations were in violation of existing by-laws and thus prohibited."

This case obviously requires some renewed consideration of the provisions of G. L. c. 40A, §§ 6, 7, 8, 9, 15, and 17, as in existence after (and as amended after) the effective date of St. 1975, c. 808, which resulted in a very substantial revision of preexisting zoning provisions. Certain relevant portions of these revised sections are set out in the appendix to this opinion.

These statutory provisions, especially the "constructive" approval provisions of § 15, in various respects, have been found (by those engaged in zoning litigation) to be confusing and lacking in clarity and explicit guidance. See, in addition to the cases already cited, the split decision in *Noe* v. *Board of Appeals of Hingham,* 13 Mass. App. Ct. 103, 110 (1982). See also *Elder Care Servs. Inc.* v. *Zoning Bd. of Appeals of Hingham,* 17 Mass. App. Ct. 480 (1984), *Vokes* v. *Avery W. Lovell, Inc.,* 18 Mass. App. Ct. 471 (1984), and *O'Kane* v. *Board of Appeals of Hingham,* 20 Mass. App. Ct. 162, 163-165 (1985). In the present case (which arose in 1982 before the *Capone* decision, announced July 6, 1983), because (a) the seventy-five days allowed by c. 40A, § 15, for the board's decision and (b) the fourteen days allowed for filing the board's decision with the town clerk both had expired, § 15 operated constructively to grant at least some aspects of the request for an order by the building inspector to Quirk to desist from an apparently valid nonconforming use.

The "constructive" approval provisions of the appeal provisions § 15 (see Appendix, italicized language following [X]) can usually be applied reasonably effectively with respect to precisely stated relief sought from a building inspector or other town official, e.g., granting or denying a building permit or the refusal of, or agreement to take, *explicitly* stated action to

enforce the zoning by-law. The "constructive" approval provisions of § 15, however, are much less well adapted to granting a *general* enforcement request denied by a building inspector. Indeed, nothing more precise than a *general* order to enforce the by-law may be all that can be directed intelligibly unless, perhaps, the original request for enforcement was framed in sufficiently *specific* form to enable the building inspector to know exactly what he is commanded to do.

We perceive no reason why the failure of the board (in the present case) to file its decision with the town clerk in timely fashion may not be treated as a "constructive" approval of the appeal of those who sought relief from the board that the board direct the building inspector to take action to require Quirk to seek a special permit to continue what the plaintiffs contend is an unlawfully expanded nonconforming use of the locus. If Quirk does not apply for a special permit, we think the order may be made sufficiently inclusive to order the building inspector to seek enforcement of the zoning by-law under c. 40A, § 7 (see appendix), in the Superior Court, alleging that the nonconforming use has been unlawfully expanded. Quirk, in such an enforcement action, then will be entitled to show the true extent of the nonconforming use and to be protected in that. We think, however, that the second part of the request to the board for relief is too general and diffuse to be readily susceptible of constructive approval under c. 40A, § 15 (see appendix). See *DiGiovanni* v. *Board of Appeals of Rockport,* 19 Mass. App. Ct. 339, 343-345 (1985), where (at 345) it was suggested that "a too vaguely worded application" to the board may not be susceptible of "being constructively granted" under c. 40A, § 15. See also the general discussion in *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230, 232-235 (1981), where, however, no question of constructive approval of the request to the board was raised; the *Vokes* case, 18 Mass. App. Ct. at 473; Healey, Massachusetts Zoning Practice Under the Amended Zoning Enabling Act, 64 Mass.L.Rev. 157, 161-165 (1979).

We hold that the failure of the board to complete action on the appeal to it within the period specified in § 15 resulted in

a constructive grant of the relief sought by the appellants to the extent only that the building inspector shall be ordered (1) to take appropriate action to require Quirk to seek a special permit, and (2) if Quirk does not apply for a permit within a reasonable time, then to file an action in the Superior Court to require Quirk's compliance with the zoning by-law.[5] In that action it will be the duty of the Superior Court to determine the extent of the nonconforming use to which Quirk is entitled, and to enjoin any improper expansion of that use which has occurred. The scope of the court's determination in the enforcement action will be essentially as broad as the de novo judicial review under c. 40A, § 17, to which Quirk would have been entitled if he had claimed timely appeal from the constructive approval under § 15 of the appeal to the board under the principles of the *Girard* case, 14 Mass. App. Ct. at 337-338.[6] The summary judgment appealed from is to be limited as herein provided and as so limited is affirmed. No party is to have costs of this appeal.

*So ordered.*

---

[5] The limitation of relief appears consistent with *Planning Bd. of Nantucket* v. *Board of Appeals of Nantucket,* 15 Mass. App. Ct. 733, 737 (1983), where it was said: "In general . . . the appropriate policy, when the scope of the proceedings before (and the decision of) a board of appeals is in doubt, is to construe the proceedings circumspectly and to avoid an interpretation which leaves the scope of the board's decision more sweeping than abutters and other interested persons had reason to anticipate when notices were given and hearings had."

[6] Because the principles of the *Girard* case are not set out in c. 40A, § 15, in explicit form, legislative reconsideration of the "constructive" grant provisions of that section might serve to protect not only city and town boards and abutting owners (as in the *Girard* case) but also landowners (e.g., like Quirk possessed of nonconforming use rights) from losing the opportunity to claim appeals from "constructive" grants of relief sought in appeals to boards of zoning appeals. There would seem at present an opportunity under § 15 for boards to use delay to effect zoning manipulation. At least inclusion (in some manner in the statutory language) of the principles of the *Girard* case could result in clarification. See the somewhat analogous provisions of the first paragraph of G. L. c. 41, § 81BB, as amended by St. 1982, c. 533, § 2.

APPENDIX.

Portions of Certain Relevant Sections of
G.L. C. 40A.[7]
[All emphasis is supplied and some
portions of paragraphs are consolidated.]

*Section 7.* "The inspector of buildings . . . or if there [is] none, in a town, *the board of selectmen, or person or board designated by local . . . by-law,* shall be charged with the enforcement of the zoning . . . by-law . . . and no permit or license shall be granted for a new use of a building, structure or land which use would be in violation of any zoning . . . by-law. If the officer or board charged with enforcement of zoning . . . by-laws is requested *in writing to enforce such . . . by-laws against any person allegedly in violation of the same* and such officer or board declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor[ ], within fourteen days of receipt of such request. . . .

"The superior court shall have jurisdiction to enforce the provisions of this chapter, and any ordinances or by-laws adopted thereunder, and may restrain by injunction violations thereof."

*Section 8.* "An appeal to the permit granting authority as the zoning . . . by-law may provide, may be taken by any person aggrieved by reason of his inability to obtain a permit or *enforcement action* from any administrative officer under the provisions of this chapter . . . or by any person including an officer or board of the . . . town aggrieved by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any . . . by-law adopted thereunder."

*Section 15.* "Any appeal under section eight to a permit granting authority shall be taken within thirty days from the date of the order or decision which is being appealed, by filing a notice of appeal, specifying the grounds thereof, with the . . . town clerk, who shall forthwith transmit copies thereof to such officer or board whose order or decision is being appealed, and to the permit granting authority. Such officer or board shall forthwith transmit to the board of appeals or zoning administrator all documents and papers constituting the record of the case in which the appeal is taken. . . . The board of appeals shall hold a hearing on any appeal, application or petition transmitted to it by the . . . town clerk within sixty-five days from the transmittal to the board of such appeal, application or petition. The board shall cause notice of such hearing to be published and sent to parties in interest as provided for herein . . . . *The concurring vote* of all the members

---

[7](As appearing in St. 1975, c. 808, § 3, except G. L. c. 40A, § 17, as amended by St. 1978, c. 478, § 32.)

of the board of appeals consisting of three members, and a vote *of four members of a board consisting of five members, shall be necessary to reverse any* order or decision of any administrative official under this chapter or to effect any variance in the application of any . . . by-law.

". . . The decision of the board shall be made within seventy-five days after the date of the filing of an appeal, application or petition except in regard to special permits, as provided for in section nine of this chapter. [X] *Failure by the board to act within said seventy-five days shall be deemed to be the grant of the relief, application or petition sought, subject to an applicable judicial appeal as provided for in this chapter.* The board shall cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and setting forth clearly the reason or reasons for its decision and of its official actions, *copies of all of which shall be filed within fourteen days in the office of the* . . . town clerk and . . . notice of the decision shall be mailed forthwith to the petitioner, applicant or appellant, to the parties in interest designated in section eleven, and to every person present at the hearing who requested that notice be sent to him and stated the address to which such notice was to be sent. Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of . . . town clerk."

*Section 17.* "Any person aggrieved by a decision of the board of appeals or any special permit granting authority, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to the superior court department in which the land concerned is situated . . . or to the land court department, or to the division of the district court department within whose jurisdiction the land is situated except in Hampden county, by bringing an action within twenty days after the decision has been filed in the office of the . . . town clerk. . . . Notice of the action with a copy of the complaint shall be given to such . . . town clerk so as to be received within such twenty days. The complaint shall allege that the decision exceeds the authority of the board or authority, and any facts pertinent to the issue, and shall contain a prayer that the decision be annulled. There shall be attached to the complaint a copy of the decision appealed from, bearing the date of filing thereof, certified by the . . . town clerk with whom the decision was filed."