ALBERT N. KENRICK *vs.* BOARD OF APPEALS OF WAKEFIELD
(and a companion case[1]).

Nos. 88-P-96 & 88-P-97.

Middlesex. January 18, 1989. — September 15, 1989.

Present: ARMSTRONG, SMITH, & FINE, JJ.

*Zoning*, Special permit; Hearing; Board of Appeals: decision; Constructive grant of relief. *Statute*, Construction.

Where a local board of appeals continued hearings on each of two applications for special permits, the ninety-day period within which the board was required by G. L. c. 40A, § 9, to file its decisions began to run from the final day rather than the first day of each hearing. [775-777]

CIVIL ACTIONS commenced in the Superior Court Department on June 17, 1986, and October 10, 1986, respectively.

The cases were heard by *Hiller B. Zobel*, J., on motions for summary judgment.

*Mario L. Simeola*, Town Counsel, for Board of Appeals of Wakefield.

*John J. Connolly, Jr.*, for Albert N. Kenrick.

*John F. Foley, Jr.*, for Better Home Builders, Inc.

ARMSTRONG, J. These appeals present a single question: if a special permit granting authority continues a hearing on an application for a special permit, does the ninety-day period within which the board is required by G. L. c. 40A, § 9, to file its decision run from the first day of the hearing or from the final day of the hearing? In each of these cases, the Wakefield board of appeals held the hearing open to successive meetings and filed its decision denying the special permit within a ninety-day period after the last day of the hearing. In each case the judge ruled (on a motion for summary judgment) that

---

[1] Better Home Builders, Inc. *vs.* Board of Appeals of Wakefield.

the failure to file a decision within ninety days after the initial hearing date resulted in the grant of the special permit applied for by operation of law.

The statute, G. L. c. 40A, § 9, as appearing in St. 1975, c. 808, § 9, provides that "[s]pecial permit granting authorities shall act within ninety days following a public hearing for which notice has been given by publication or posting as provided in section eleven, and by mailing to all parties in interest . . . . Failure by a special permit granting authority to take final action upon an application for a special permit within said ninety days following the date of public hearing shall be deemed to be a grant of the permit applied for."

We recognize the force of the argument accepted by the judge: that § 9, in requiring the board to have a hearing on a special permit application within sixty-five days after its filing and to take final action on the application within ninety days after the hearing, expresses a legislative objective of accelerating action on such applications and fixing a definite time within which the board must act, and that measuring the ninety-day period from the final day of an adjourned hearing gives the board a potential vehicle to circumvent the statutory policy. Compare *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 115 (1982).

Despite that consideration, the words "ninety days following a public hearing for which notice has been given" are sufficiently unambiguous that we cannot ignore them in favor of implementing a more general purpose of § 9. The notice is operative not only as to the first day of hearing but also for its continued dates. *Tebo* v. *Board of Appeals of Shrewsbury*, 22 Mass. App. Ct. 618, 623 (1986). The law contemplates one hearing, though it span multiple dates, and, in normal usage, a day cannot be said to follow a hearing if the hearing has not been completed on that day. Thus, in *Elder Care Services, Inc.* v. *Zoning Bd. of Appeals of Hingham*, 17 Mass. App. Ct. 480, 481 (1984), we stated (although by way of dictum, because the point was not crucial to the outcome) that

the constructive grant of the special permit at issue in that case occurred on the ninetieth day after the continued hearing date.[2]

The decisions under comparable statutory provisions have been the same. In the *Milton Commons Assocs*. decision, *supra*, we held that the constructive grant provision of the Anti-Snob Zoning Act, G. L. c. 40B, § 21, measured the statutory period of decision from the final day of the public hearing, which was held to be the last day at which interested persons presented information and argument. This view was approved in *Pheasant Ridge Assoc. Ltd. Partnership* v. *Burlington*, 399 Mass. 771, 782-783 (1987). The Anti-Snob Zoning Act was clearer in this respect than § 9 of the Zoning Act: i.e., G. L. c. 40B, § 21, as inserted by St. 1969, c. 774, § 21, calls for a decision "within forty days after the termination of the public hearing." We find no real distinction, however, in concept between it and G. L. c. 40A, § 9, which calls for final action "within said ninety days following the date of public hearing." Somewhat analogous, also, are cases decided under earlier versions of the civil service law. In *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 118 (1939), it was held that a statutory scheme requiring a hearing on a disciplinary action within fourteen days of the request therefor and a decision within three days thereafter did not preclude continuances of the hearing (thereby delaying the start of the three-day period for decision), provided that "resumption of the hearing must not be unreasonably delayed and . . . such hearing must be completed within a reasonable time." See also *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 396 (1948).

This view, we recognize, does not particularly address the trial judge's concern that a board might sidetrack the statutory objective of a timely decision by improper continuations of a public hearing, but the difficulty is inherent in the statutory language, which the Legislature can change if we have misper-

---

[2] In *Shea* v. *Board of Aldermen of Chicopee*, 13 Mass. App. Ct. 1046, 1047 (1982), we observed that the board had constructively granted a special permit because it had "failed to render [its decision] or file with the city clerk within ninety days of either of the public hearings on the application . . . ."

ceived its intent. Under the present phraseology, we can only emphasize the warning expressed in *Pheasant Ridge Assocs. Ltd. Partnership* v. *Burlington*, at 783: "The date [of constructive grant] may be even earlier if a board of appeals has not conducted the public hearing expeditiously, scheduling adjourned sessions at reasonable intervals in the circumstances."

The judgments are reversed, and the cases are remanded for further proceedings consistent with this opinion.

*So ordered.*