GLORIA A. UGLIETTA, trustee,[1] *vs.* CITY CLERK OF
SOMERVILLE & others.[2]

No. 90-P-1193.

Middlesex. January 7, 1992. - June 26, 1992.

Present: SMITH, JACOBS, & GILLERMAN, JJ.

*Zoning*, Board of appeals: decision; Constructive grant of relief. *Notice.*
*Statute*, Construction. *Words*, "Shall."

A property owner who failed to give notice to a city clerk and "parties in
interest" within fourteen days of the constructive grant of her special
permit application, as required by G. L. c. 40A, § 9, thereby lost the
benefit of that grant. [744-747]

CIVIL ACTION commenced in the Superior Court Department on July 27, 1989.

The case was heard by *Patti B. Saris*, J., on a motion for
summary judgment.

The case was submitted on briefs.

*Joseph E. Marino* for the plaintiff.

*Joan E. Langsam*, Assistant City Solicitor, for the
defendants.

JACOBS, J. The central issue in this case is whether the
plaintiff's failure to comply · with the notice provisions of
G. L. c. 40A, § 9, within fourteen days of the constructive
grant to the trust of a special permit deprived it of the bene-
fits of that grant. The essential facts are uncontroverted. On
January 6, 1988, the defendant board of appeals[3] (board)
conducted a public hearing on the plaintiff's application for a
special permit to construct 110 dwelling units on property

---

[1] Of the Kent Terminal Investment Trust.

[2] The city of Somerville and the board of appeals of Somerville.

[3] A municipal board of appeals may act as a special permit granting au-
thority. See G. L. c. 40A, § 1A.

owned by the trust in the city of Somerville. The board has never rendered or filed a decision with respect to that application.[4] On June 14, 1989, the plaintiff filed notice with the defendant city clerk to the effect that the application for special permit had been constructively granted by the board and that "parties in interest" designated in G. L. c. 40A, § 11, had been so notified. The defendant city clerk later refused demands that he issue a certificate of final approval of the application for special permit pursuant to G. L. c. 40A, § 9. The plaintiff thereafter filed suit in the Superior Court seeking a declaration that the application for a special permit had been constructively granted and an order requiring the defendant city clerk to issue a certificate to that effect. Both sides filed motions for summary judgment, and the plaintiff now appeals from the grant of summary judgment which dismissed the action. We affirm.

General Laws c. 40A, § 9, as amended through St. 1987, c. 498, § 1,[5] provides in pertinent part:

> "The decision of the special permit granting authority shall be made within ninety days following the date of . . . public hearing. . . .

> "Failure by the special permit granting authority to take final action within said ninety days . . . shall be deemed to be a grant of the special permit. The petitioner who seeks such approval by reason of the failure

---

[4]The record indicates the trust later submitted and withdrew a second application for eighty units, then obtained a special permit for sixty-seven units, based on a third application. Issues of whether the board's consideration of the first application was waived or the time for decision extended were considered below. In view of the decision we reach, we need not decide those issues.

[5]Although St. 1987, c. 498, was approved on November 17, 1987, and became effective ninety days later, or after the date of the public hearing on the plaintiff's application, the parties' arguments below and on appeal are grounded in the 1987 version of the statute, and we accordingly base our decision on the statute as amended through St. 1987, c. 498. Subsequent amendments to § 9, see St. 1987, c. 584, § 10; St. 1989, c. 239; St. 1989, c. 341, § 22; and St. 1990, c. 177, § 109, have not altered the procedures and times specified in St. 1987, c. 498, § 1.

of the special permit granting authority to act within such time prescribed, shall notify the city or town clerk, in writing within fourteen days from the expiration of said ninety days . . . of such approval and that notice has been sent by the petitioner to parties in interest. . . . After the expiration of twenty days without notice of appeal . . . or, if appeal has been taken, after receipt of certified records . . . indicating that such approval has become final, the city or town clerk shall issue a certificate stating the date of approval, the fact that the special permit granting authority failed to take final action and that the approval resulting from such failure has become final, and such certificate shall be forwarded to the petitioner."

The plaintiff argues that the command of the statute that the petitioner "shall notify the city or town clerk, in writing within fourteen days from the expiration of said ninety days" is directory rather than mandatory and that the failure to comply strictly with the statute did not undermine the constructive grant. This argument runs counter to the general rule that the statutory use of the word "shall" is to be given a mandatory meaning. *Hashimi* v. *Kalil*, 388 Mass. 607, 609 (1983). While we recognize that contextual analysis can impart considerable elasticity to the rule, *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.*, 312 Mass. 638, 646-647 (1942); *Barclay* v. *DeVeau*, 11 Mass. App. Ct. 236, 243, S.C., 384 Mass. 676 (1981), we perceive no indication from the context of G. L. c. 40A, § 9, that the statutory provision in issue is directory. To the contrary, the frequent appearance of both "may" and "shall" in various verb phrases within that section[6] indicates that the latter should be given its usual imperative connotation. "Where both mandatory and directory verbs are used in the same statute . . . it is a fair inference that the legislature realized the difference in

---

[6]The word "may" appears several times within G. L. c. 40A, § 9, although not in the provisions quoted in the text. In some instances "may" and "shall" appear within the same paragraph.

meaning, and intended that the verbs used should carry with them their ordinary meanings." 2A Sands, Sutherland Statutory Construction § 57.11 (4th ed. 1984).

It is significant also that the fourteen-day requirement here involved is directed at a private party — the applicant for a special permit. "There is an essential difference between statutory directions to public officers and to private persons. . . . Where a [private party's] rights depend upon his compliance with the provisions of a statute, those provisions are generally mandatory, and compliance therewith a condition precedent to the perfection of such rights." 2A Sands, Sutherland Statutory Construction § 57.15. Both this essential difference and the contextually based elasticity of the word "shall" have well been demonstrated in decisions antedating the 1987 amendments to G. L. c. 40A in which the provision in § 15 that the decision of a *board of appeals* "shall be filed within fourteen days" has been construed as directory. *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, 394 Mass. 663, 665-667 (1985).[7] *O'Kane* v. *Board of Appeals of Hingham*, 20 Mass. App. Ct. 162, 163 (1985). See also *Cullen* v. *Building Inspector of N. Attleborough*, 353 Mass. 671, 679 (1968)(statutory command that the decision of a *board of appeals* "shall be made within ninety days after the date of the filing of an appeal" construed as directory).

We are also guided by the function served by the 1987 amendments. Prior to their enactment, chapter 40A con-

[7]The plaintiff relies on *Zuckerman* to argue that, since G. L. c. 40A, § 9, contains no express remedy in the event of failure to comply with the fourteen-day notice provision, the time requirement should be construed as directory. The argument fails to appreciate that the statutory duty in issue is imposed upon a private person. The opinion in *Zuckerman* impliedly recognized that essential difference when it incorporated the following language from *Cheney* v. *Coughlin*, 201 Mass. 204, 211 (1909): "As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done." *Zuckerman* v. *Zoning Bd. of Appeals of Greenfield*, *supra* at 667.

tained few procedural guidelines for implementing or appealing from the constructive grant of a special permit or variance. This void engendered considerable uncertainty and litigation. See *Cameron* v. *Board of Appeals of Yarmouth,* 23 Mass. App. Ct. 144, 147 (1986), and cases cited therein; 1986 Ann. Survey Mass. Law § 8.8 at 258-260 (1986). Addressing itself to the "notoriously confused text" of the constructive grant provisions of G. L. c. 40A, *O'Kane,* 20 Mass. App. Ct. at 162, the Legislature in 1987, by its enactment of the second and third sentences of the eleventh paragraph of § 9 (and the fifth and sixth sentences of the fifth paragraph of § 15), established precise guidelines for all who might be involved or directly interested in the consequences of a constructively granted variance or special permit. The beneficiary of a constructive grant now has specific instruction for starting the post-grant machinery by giving notice of approval by inaction to the city or town clerk and "parties in interest." The city or town clerk, in turn, has guidance for signalling the finality of the grant by the issuance of a certificate.

If the statutory directions to a party claiming the benefits of a constructive grant are construed as directory, a challenger to the grant, see *Girard* v. *Board of Appeals of Easton,* 14 Mass. App. Ct. 334, 338 (1982), will be uncertain as to whether or when to initiate an appeal. Moreover, the beneficiary of the grant would be able to determine the appeal period by the timing of his notice. Such results would disserve the salutary objectives of minimizing "confusion to attorneys and others concerned with the law relating to land use," *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.,* 384 Mass. 109, 113 (1981), and "limit[ing] the period during which an appeal may be taken." *Elder Care Servs., Inc.* v. *Zoning Bd. of Appeals of Hingham,* 17 Mass. App. Ct. 480, 481-482 (1984), and cases cited. To give the plainly remedial and mechanical provision in question a mandatory connotation is merely to recognize "that the Legislature intended no 'gaps and uncertainties in the specification of a procedure designed to provide definitive rights to accrue . . .

within stated times.' " *Noe* v. *Board of Appeals of Hingham*, 13 Mass. App. Ct. 103, 111 (1982) (Dreben, J., dissenting), quoting from *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 127 (1964). See *Racette* v. *Zoning Bd. of Appeals of Gardner*, 27 Mass. App. Ct. 617, 619 & n.3 (1989). Given our decision, which in effect nullifies any grant, we need not reach the plaintiff's argument that the board waived its right to challenge the claim of constructive approval by not filing an appeal after the plaintiff's notice of June 14, 1989.

*Judgment affirmed.*