Murtagh, J.
The Zoning Board of Appeals of the Town of Reading (“the Town”) is entitled to summary judgment concerning the defendant’s claims that because the Town did not timely act on his appeal from the denial of the building permit and his application for a variance, the building permit and variance were constructively granted. The dates for required action by the Board of Appeals under G.L.c. 40A, §15 were (a) 65 days from the date the Board received notice of the defendant’s filing of the appeal and application with the Board to hold a hearing and (b) 100 days from the date of filing of the appeal and variance application with the Town Clerk for making a decision. The Board had under existing case law an additional 14 days following the 100-day period in which to file its decision. Burnham v. Town of Hadley, 58 Mass.App.Ct. 479 (2003). Based upon the certified official records of the Town and the affidavit of its Building Commissioner the appeal and variance application were filed with the Town Clerk on August 1, 2002. There was no factual evidence to put that date of filing in legitimate dispute.
With August 1, 2002 as the filing date and the date for notice to the Board, the Court finds that all deadlines were met by the Board and defendant was not entitled to a constructive grant of either the building permit or variance. See Racette v. Zoning Board of Appeals of Gardner, 27 Mass.App.Ct. 617 (1989).
Although not impacting the Court’s ruling in this case, the Court was troubled by an argument advanced by the Town in this case.
General Laws c. 40A, §15 requires that, in order to be timely filed, an appeal from a denial of a building permit must be filed with the city or town clerk within 30 days of the order or decision which is being filed. A filing of an appeal with someone other than the official designated by the statute is not an effective filing and does not convey jurisdiction. Greely v. Zoning Board of Appeals of Framingham, 350 Mass. 549, 552 (1966). Here the Town argued that the defendant’s appeal was not lodged with the Town Clerk until August 1, 2002 more than 30 days after the building inspector’s decision of June 25, 2002 denying the building permit. Defendant claims he filed his appeal on July 24, 2002 and he relies on a filing fee check of that date.
The Town of Reading’s Instructions and Requirements for Petitions Submitted to the Zoning Board of Appeals (“the Instructions”) read in relevant part:
You have the right to apply for a variance from the Town Zoning By-Laws, to apply for a Special Permit, or to appeal a decision/order of the Building Inspector.
All such applications must be submitted to the Office of Community Development at the Town Hall.
The Instructions further state that the application must be submitted within 30 days from the date of the order or decision of the building inspector.
If defendant could show he filed his application within 30 days of the building inspector’s decision and
*163 ingly, Gutierrez cannot be held liable for any damages to the plaintiffs that resulted from the alleged negligent construction.

ORDER

Based on the foregoing, it is hereby ORDERED that the defendant Gutierrez Company’s motion for summary judgment is ALLOWED.

Anthony Rolli.

Nile Gutierrez Co., East Coast Construction Contractors dba East Coast Electrical Contractors, Inc., and John Caruso Landscaping.

Children’s Discovery Centers of America, Inc., dba Knowledge Beginnings of New England, Inc., Third-Party Defendants.

Gutieixez also argues that it was at no time responsible for the maintenance and care of the building after the completion of construction. This argument appears to be in response to the plaintiffs’ assertion that Gutierrez was the owner of the building. However, at the hearing on this motion the plaintiffs conceded that Gutierrez was not the owner of the building, and, therefore, there is no claim of negligent maintenance.

Gutierrez is designated as the “Owner” in the agreement, but, as noted above, was in fact the agent of the actual owner, Burlington.