LEMIRE, J.
*841 The issue before us is whether a Land Court judge correctly dismissed the plaintiffs' complaint, which sought a determination that their appeal from the issuance of a building permit had been constructively approved pursuant to G. L. c. 40A, § 15. Because the plaintiffs failed to file an appeal from the issuance of the building permit within the time limit established by § 15, we affirm.[3]
Background.[4] On August 13, 2013, the building inspector and code compliance officer (building inspector) of Braintree (town) issued a building permit to Mento Enterprises, Inc. (Mento), for construction of a single family dwelling at 38 Myrtle Street in Braintree.[5] The plaintiffs, owners of residential land abutting or in close proximity to the property, learned that a building permit had issued when construction activity began on August 14, 2013. On September 27, 2013, forty-four days after becoming aware of the construction, the plaintiffs filed an appeal with the zoning board of appeals (board). It is now undisputed that the appeal was untimely.
Nonetheless, the board held a public hearing on November 26, 2013, and voted to continue the hearing. After a weather-related delay, the board conducted an additional hearing on January 8, 2014, 103 days after the plaintiffs had filed their appeal. During the January 8 meeting, the board found that because the plaintiffs had failed to file a timely appeal from the building inspector's decision to grant the building permit as set forth in the first paragraph of G. L. c. 40A, § 15, the board lacked jurisdiction to consider the merits of the appeal. The board voted unanimously to deny the plaintiffs' request for relief, but did not file a decision on that date.
On January 17, 2014, 112 days after filing their appeal, the plaintiffs filed a notice of constructive approval of their appeal with the Braintree town clerk (town clerk) in accordance with the requirements set forth in the fifth paragraph of G. L. c. 40A, § 15. Later on that same day, the board filed with the town clerk its written decision denying the appeal on grounds that the appeal had been untimely. Neither the board nor the other defendants appealed from or took other action related to the plaintiffs' notice of constructive approval.
On January 30, 2014, the plaintiffs commenced this action in the Land Court *842 seeking, among other relief, a declaratory judgment that their appeal to the board had been constructively granted.[6] On June 8, 2017, on cross motions for summary judgment, the Land Court granted judgment in favor of the defendants, finding that because the plaintiffs had failed to file a timely appeal with the board, their appeal from the issuance of the building permit could not be constructively approved.
Statutory requirements. General Laws c. 40A, § 15, establishes the mechanism for appealing decisions of a local zoning enforcement officer to a board of appeals. Paragraph two provides that any appeal "shall" be taken within thirty days of the date of the order or decision appealed from, by filing a notice of appeal with the city or town clerk with a copy to the zoning administrator. Thereafter, there are a number of time requirements the board must satisfy. The board must hold a hearing open to the public within sixty-five days of the board's receipt of notice of such appeal and the board's decision must be made within one hundred days of the filing of an appeal unless the time is extended by written agreement between the "applicant" and the board of appeals. G. L. c. 40A, § 15. Finally, the board must reduce its decision to final written form and file it with the city or town clerk within fourteen days of the one hundred-day deadline. Id. See Burnham v. Hadley, 58 Mass. App. Ct. 479, 482-483, 790 N.E.2d 1098 (2003) ; O'Kane v. Board of Appeals of Hingham, 20 Mass. App. Ct. 162, 478 N.E.2d 962 (1985). At least where the board has jurisdiction over the appeal, "[f]ailure by the board to act within said one hundred days ... shall be deemed to be the grant of the appeal ...." G. L. c. 40A, § 15, fifth par.
The petitioner has fourteen days following expiration of the board's one hundred-day deadline to file a notice of constructive approval with the city or town clerk and notify "parties in interest," as defined in G. L. c. 40A, § 11. Id. See Uglietta v. City Clerk of Somerville, 32 Mass. App. Ct. 742, 746, 594 N.E.2d 887 (1992). After the twenty-day period to appeal the constructive approval passes without notice of appeal, "the city or town clerk shall issue a certificate stating the date of approval, the fact that the board failed to take final action and that the approval resulting from such failure has become final, and such certificate shall be forwarded to the petitioner." G. L. c. 40A, § 15, fifth par.
Discussion. There is now no dispute that the plaintiffs did not appeal from the building inspector's decision to issue the building permit at issue within thirty days. It is also without dispute that the board did not make a decision within one hundred days of when the plaintiffs did file their appeal. The question, then, is how these lapses bear on the plaintiffs' claim to constructive approval of their appeal to the board. It is well settled that the thirty-day deadline to appeal from a zoning officer's issuance of a building permit is both strictly enforced and is a jurisdictional prerequisite to the board's jurisdiction to hear an appeal. See Connors v. Annino, 460 Mass. 790, 797, 955 N.E.2d 905 (2011) ("We interpret [G. L. c. 40A,] §§ 7, 8, and 15 to mean that when a party with adequate notice of the issuance of a building permit claims to be aggrieved by the permit on the ground that it violates the zoning code, the party must file an administrative appeal within thirty days of the permit's issuance; a failure to do so deprives the board or other permit granting authority, and later the *843 courts, of jurisdiction to consider the appeal").[7] See also Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 445, 333 N.E.2d 210 (1975) (discussing notice provisions in precursor to G. L. c. 40A, § 17 ). "The filing and constructive grant provisions of § 15 are explicit" and "[n]either the city nor the petitioner may vary the statutory filing requirement."[8] Racette v. Zoning Bd. of Appeals of Gardner, 27 Mass. App. Ct. 617, 619, 541 N.E.2d 369 (1989). See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 169-170, 100 N.E.3d 748 (2018) (appeal period set by statute cannot be enlarged and any order purporting to do so is a nullity).
It follows that filing a timely notice of appeal by a petitioner is a statutory prerequisite to a board's duty -- or even authority -- to comply with the various hearing and decisional deadlines imposed on it by § 15. See Pasqualino v. Board of Appeals of Wareham, 14 Mass. App. Ct. 989, 990, 440 N.E.2d 523 (1982) (no constructive grant of variance where "there is nothing in the record that would permit the judge to conclude that the plaintiffs' application had been filed with the town clerk in accordance with the [time] requirements of G. L. c. 40A, § 15"). Otherwise, a board without any authority to grant an appeal would be able to effect a constructive approval merely by refusing to act. It would make little sense for the statutory scheme to permit a board, by inaction, to accomplish what it cannot do through purposeful action.
Although the plaintiffs' notice of constructive approval was filed within 114 days of their appeal to the board, they could not obtain such an approval because they did not satisfy the initial statutory requirement of filing a notice of appeal from the issuance of the building permit within thirty days. The plaintiffs were never entitled to a hearing before the board or to a decision on the merits. The plaintiffs cite no authority for the proposition that, by holding a hearing in error, a board of appeals can somehow grant itself jurisdiction to hear an untimely appeal. Due to the plaintiffs' untimely appeal, the board lacked jurisdiction to issue a decision on the merits, whether that decision was by written decision or by constructive approval.
The plaintiffs cite Elder Care Servs., Inc. v. Zoning Bd. of Appeals of Hingham, 17 Mass. App. Ct. 480, 459 N.E.2d 832 (1984), for the proposition that because the plaintiffs complied with all of the § 15 requirements for a constructive approval, the town's only mechanism for relief was through a timely § 17 appeal from the constructive approval. They contend that the town's failure to bring such an appeal means the plaintiffs are entitled to enforce their notice. However, they ignore the fact that, unlike the plaintiff in Elder Care Servs., Inc., they did not satisfy the requirements for constructive approval in the first instance, because they filed their appeal from the issuance of the building permit after the thirty-day deadline.
It is true that in Elder Care Servs., Inc., we held that, absent a timely appeal pursuant *844 to G. L. c. 40A, § 17, the town could not raise its arguments that the constructively granted permit was for a use prohibited by the zoning by-law, or, alternatively, that the petitioner had waived its right to a constructive grant. Id. at 481, 483, 459 N.E.2d 832. In other words, the town's substantive defenses to a constructive approval that (so far as town records revealed) complied with all of the statutory time limits had to be challenged in a G. L. c. 40A, § 17, appeal. Here, in contrast to the defendant board of appeals in Elder Care Servs., Inc., the town is not offering a substantive legal defense for its inaction. Rather, it is simply arguing that the plaintiffs failed to meet all of the requirements to be eligible for constructive approval. See Uglietta, 32 Mass. App. Ct. at 747, 594 N.E.2d 887 (request for declaratory judgment that special permit had been constructively granted under G. L. c. 40A, § 9, denied where plaintiff's failure to file required notice of constructive approval with city clerk within fourteen days as required by statute "in effect nullifies any grant"). In Uglietta, the procedural posture was analogous to this case. There, the petitioner filed an action seeking both a declaration that a special permit had been constructively granted and an order requiring the city clerk to issue a certificate so stating. However, because the petitioner had failed to timely notify the city clerk of the board of appeals's failure to act and the resultant constructive approval, we held that any constructive grant that could have been the result of the board's failure to file a timely decision was effectively nullified. Id. Having concluded that any constructive grant was a nullity, we declined to reach the plaintiff's argument that the board had waived its right to challenge the claim of constructive approval by not filing an appeal after the plaintiff belatedly filed a notice of constructive approval. Id. at 747, 594 N.E.2d 887.
Here, the plaintiffs' claimed constructive approval of their appeal to the board is a nullity. Their late filing rendered them ineligible for any approval, constructive or otherwise. The town is not obligated to bring a § 17 appeal to challenge a purported constructive approval of an untimely appeal. The judge properly declined to provide the requested relief.
Conclusion. For all of the foregoing reasons, we affirm the judgment for the defendants.
So ordered.

This is the second time this matter has come before us. The first time, we remanded for further consideration of whether statements by the town solicitor and mayor indicating the plaintiffs had a longer time to appeal the building permit estopped the town from claiming the plaintiffs had filed a late appeal. McIntyre v. Zoning Bd. of Appeals of Braintree, 89 Mass. App. Ct. 1119, 2016 WL 1621937 (2016) (decision pursuant to our rule 1:28). On remand, the Land Court judge rejected the estoppel claim. See O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558-559, 492 N.E.2d 354 (1986). The plaintiffs do not challenge the judge's decision on the estoppel issue in this appeal and we do not address it.

We recite the undisputed facts taken from the record relevant only to the narrow jurisdictional issue on appeal. For a more detailed summary of the factual and procedural background see McIntyre v. Zoning Bd. of Appeals of Braintree, 89 Mass. App. Ct. 1119, 2016 WL 1621937 (2016).

Defendant JJM Myrtle Street Corporation subsequently purchased the lot from Mento in November, 2013.

The plaintiffs' action sought to annul the decision of the board pursuant to G. L. c. 40A, § 17 ; requested relief in the nature of mandamus pursuant to G. L. c. 249, § 5 ; and also sought additional declaratory relief.

Because there is no requirement that notice to abutters or even public notice be given of a building permit application or issuance, "difficult questions concerning adequacy of notice may arise at the margins" when parties in interest do not receive notice until after a period of time in the thirty-day appeal period has already elapsed. Connors, 460 Mass. at 798 n.10, 955 N.E.2d 905. Here, the plaintiffs admittedly learned of the building permit the day after it was issued. As a result, there is no issue with regard to adequacy of notice.

The plaintiffs cite no authority for their assertion that the board may waive the time limit to file an appeal.